UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| Marco Antonio Garcia Jr, Ninel Itzel Garcia ) <br> Jesus Alejandro Garcia     ) <br> PETITIONER     ) <br>           ) <br> v.         ) <br>           ) <br>           ) <br> HON. Mike Pompeo     ) <br> United States Secretary of State   ) <br>    and       ) <br> UNITED STATES OF AMERICA,   ) <br>           ) <br> RESPONDENTS     ) <br>           ) <br> _____ ) | CIVIL ACTION <br><br> NO. _____ |

PETITIONER'S ORIGINAL PETITION REQUEST
FOR HABEAS CORPUS, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Marco Antonio Garcia Jr, Ninel Itzel Garcia, Jesus Alejandro Garcia , Petitioner herein, filing this Petition Request for Habeas Corpus, Declaratory Relief, and Injunctive Relief, pursuant to 8 U.S.C. Section 1503 in conjunction with 28 USC Section 2201, and the Fifth Amendment and Fourteenth Amendment of The U.S. Constitution, as well as 18 U.S.C. § 3291 and 42 U.S.C. 1983, and would show the court the following:

**I. Jurisdiction and Venue**

1. Jurisdiction herein is laid under 28 U.S.C. §1331 (federal question) with 8 U.S.C. §1503 (denial of rights and privileges as a National) in conjunction with 28 USC §2201 (Declaratory Judgment Act). To deny the validity of Petitioner's birth certificate and by extension the *jus soli* (citizenship by birth within a state's borders) citizenship as well as revoke the passport's, because they allegedly where not born in the United States constitutes a denial of a privilege that is owed to all United States citizens. Therefore, this action is cognizable under 8 U.S.C. §1503.

2. The actions taken by United States Department of State (Hereinafter the "State") are cognizable under Federal law, 18 U.S.C. § 1426(a) and 18 U.S.C. § 1426(c) (creation and possession of false/forged documentary evidence of citizenship). Failure to prosecute within ten years is violative of 18 U.S.C. § 3291 and the Due Process Clause of the Fifth Amendment of The U.S. Constitution and therefore falls under 28 U.S.C. §1331. As such, Petitioner's seeks a declaratory judgment that they are United States Citizen, and corresponding injunctive relief ratifying their birth certificate.

3. Pursuant to 28 USC § 1391(b)(2) venue is proper in the U.S. District Court for The Southern District of Texas as essential parties live here and a substantial part of the events alleged occurred here.

## II. The Parties

4. Petitioner's Marco Antonio Garcia Jr, Ninel Itzel Garcia, Jesus Alejandro Garcia, a native-born United States citizen. They have an official birth certificate issued by Texas they where all born. Petitioner they have never renounced their allegiance to The United States.

5. Respondent Mike Pompeo, Secretary of the United States Department of State is a federal employee within the jurisdiction of this court.

6. Respondents are the U.S. Department of State and officials thereof who have duties and responsibilities under the laws of the state and specifically The Secretary of The U.S. Department of State Mike Pompeo, is sued in his official capacity as The Secretary of The U.S. Department of State. Defendants may be served by delivering a copy of the summons and the complaint to the chief executive officer of the State through

## III. Facts

7. Marco Antonio Garcia Jr, Ninel Itzel Garcia, Jesus Alejandro Garcia, Petitioner's, Marco Antonio Garcia .Jr-DOB:04/08/2003 POB:Mission Tx; Ninel Itzel Garcia-DOB:05/08/2004 POB:Mission Tx; Jesus Alejandro Garcia- DOB:02/28/2007 POB:Mission Tx  Hidalgo County, Texas.

8. The consulate revoked Petitioner's U.S. Passport on the basis that they also had birth records in Mexico with conflicting information, and therefore the State Department states they are not U.S. Citizen's.

9. Petitioners are legal permanent residents and resigned in the U.S. Citizen for their entire life, and seven years before they went to the consulate. During those years no proceedings were taken nor notice given to Petitioner's that was not a U.S. citizen. Because several years have elapsed since their birth, some essential witnesses are not available.

10. Pursuant to the actions of the consulate, no hearing was available in administrative court to correct the mistake. The lack of evidenciary hearing is violative of the Due Process Clause of The Fifth and Fourteenth Amendments of The United States Constitution.

### IV. Argument

11. The State is denying Petitioner their fundamental right to due process, and their right not to be subject to arbitrary and capricious government action, in violation of the United States Constitution and Federal Law.

12. Petitioner's are U.S. citizen who properly submitted a fee-paid, substantiated application to renew a U.S. passport to the United States Department of State.

13. Petitioner's where notified that their passport's where revoked and the citizenship nullified without hearing.

14. The State's notice effectively nullified Petitioner's Birth Certificate, divesting them of their own fundamental rights as a U.S. Citizen in violation of the Citizenship Clause of the Fourteenth Amendment.

15. Without a birth certificate, Petitioner is denied an essential resource needed to navigate all manner of social institutions and is denied their *jus soli* citizenship in violation of The Citizenship Clause of the Fourteenth Amendment. In addition, Petitioner's inability to secure a passport also restricts them freedom of movement within the meaning of *Jones v. Cunningham,* 371 U.S. 236, 240 (1963) for purposes of U.S.C. Section 2241.

16. The nullification of Petitioner's birth certificate is a criminal prosecution within the meaning of 18 USC § 1426(a) and 18 U.S.C. § 1426(c) (creation and possession of false/forged documentary evidence of citizenship). Petitioner's birth certificate are

documentary evidence proving them citizenship under any law of the United States. The State was effectively contesting the genuineness of Petitioner's birth certificate's and nullifying Petitioner's citizenship status, but without properly alleging such facts in an open criminal proceeding. At no time were any criminal proceedings held involving Petitioner contemporaneously with this action. Pursuant to 18 U.S.C. § 3291 and Texas Penal Code § 12.01(2)(c), proceedings of this type must be instituted within ten years of the alleged violation. Proceedings were not held in relation to this action within the proscribed statute of limitations, violating Petitioner's substantive and procedural due process rights under Federal Law and the Due Process Clause of the Fifth Amendment and Fourteenth Amendment of The United States Constitution.

17. Petitioners was a citizen of the United States for many years until the Department of State gave them notice that they where not in fact a U.S. citizen. Under the Citizenship Clause of the Fourteenth Amendment it is not possible to rescind citizenship status involuntarily, and no cancellation or dilution of that status is possible through any Federal or State government unit. *Afroyim v. Rusk*, 387 U.S. 253, 262 (1967).

18. The State's administrative standard of review does not meet the seriousness of the issues at play, especially where a United States Citizen's fundamental rights are concerned. Both the Fifth and Fourteenth Amendments to the U.S. Constitution require the standard of proof for the government to be beyond a reasonable doubt in criminal proceedings. *In re Winship*, 397 U.S. 358, 364 (1970). The failure of the State to use the beyond a reasonable doubt standard of review violates Petitioners due process rights under the Fifth and Fourteenth Amendments of The U.S. Constitution.

19. Under *Bowers v. Hardwick*, 478 U.S. 186, 189 (1986), the proper standard of review for a government taking of Petitioner's fundamental rights is strict scrutiny.

20. The issuance of accurate birth certificates is indisputably a compelling governmental interest. However, the actions taken by the Department of State are not narrowly tailored to meet that interest. The actions of the consulate do not provide a timely means of review nor does it provide a proper standard of review. Rather, the consular process denying the passport is structured in such a manner that affected parties are only notified unilaterally

and provided no hearing. As in the case of Petitioner's, such a notice may come years after their birth certificate was issued and necessary parties and evidence are available, leaving Petitioner with a burden of proof that is nearly insurmountable. The aforementioned administrative procedure therefore fails under strict scrutiny.

### V. Causes of Action

21. Petitioners hereby incorporates by reference all allegations of the preceding paragraphs as if fully set forth herein.

### VI. Writ of Habeas Corpus

22. The inability to travel freely, which results from Respondent's administrative taking of Petitioners birth certificate, and by extension, their passport's, constitutes a significant restriction on their liberty. Because these restrictions are not shared by otherwise similarly situated U.S. citizens, this constitutes unlawful custody cognizable in habeas corpus under 28 U.S.C. Section 2241.

### VII. Declaratory Judgment

23. Petitioners hereby incorporates by reference all allegations of the preceding paragraphs as if fully set forth herein.

24. Because Petitioner's where denied their birth certificate and by extension of citizenship, has been denied rights and privileges claimed as a citizen and national of the United States, within the meaning of 8 U.S.C. Section 1503.  Therefore, Petitioner's are entitled to bring a declaratory judgment action under 8 U.S.C. Section 1503, seeking a declaration that their is, indeed, a U.S. citizen pursuant to 28 USC Section 2201 and 8 U.S.C. Section 1503.

25. Petitioners seek a declaration that the State is in violation of U.S.C. § 3291 as being untimely and violative of Petitioner's due process rights under the Fifth and Fourteeenth amendments.

26. Petitioners seeks declaratory relief stating that to the extent that the applicable regulations afford the State unfettered discretion and a means of implementing the policy

and practice complained of, such regulations are themselves in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the U.S. Constitution as well as the Citizenship Clause of the Fourteenth Amendment to the U.S. Constitution.

## VIII. Corresponding Injunctive Relief
### (Violation of Due Process and the Citizenship Clause under the U.S. Const. Amend. V and Amend. XIV)

27. Petitioners hereby incorporates by reference all allegations of the preceding paragraphs as if fully set forth herein.

28. Pursuant to 28 U.S.C. Section 2201 and 8 U.S.C. Section 1503, an injunction must be issued removing any administrative hold on Petitioner's birth certificate and/or passport.

29. Pursuant to the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution as well as the Citizenship Clause of the Fourteenth Amendment, an injunction must be issued mandating that the administrative remedies (or lack thereof) in sections 51.70 through 51.74 under Title 22 U.S. C.F.R. be struck.

## IX. Prayer for Relief

WHEREFORE, it is respectfully requested that in view of the above, this Honorable Court grant the following relief:

(1) Assume jurisdiction over the matter;

(2) Issue a Writ of Habeas Corpus and such other injunctive relief as may be appropriate;

(3) Declare that Defendants' practice of imposing an insufficient burden of proof; and then negating Petitioner's birth certificate and passport without the proper standard of evidence, violates due process, and other applicable law;

(4) Declare that the State violated 18 U.S.C. § 3291;

(5) Declare Petitioner's Texas birth certificate valid;

(6) Further declare that Petitioner was born in Texas and is therefore a U.S. citizen;

(7) Issue an injunction to strike sections 51.70 through 51.74 under Title 22 U.S. C.F.R. in its entirety;

(8) Award attorneys fees and costs as appropriate;

(9) Grant such further relief as The Court deems reasonable and just.

Matulewicz & Associates, P.C

By: /s/_____
Patrick A. Nitsch

521 S. Broadway
McAllen, TX 78501-4929
(956) 972-0330
(956) 972-0353
patnitsch@aol.com
State Bar Number: 00795854
Federal Id. Number: 26718

Verificiation

I, Patrick A. Nitsch, hereby certify that I am familiar with the record in the above case and that the above stated facts are true and correct to the best of my knowledge and belief. On this <u>July</u> day of <u>26</u> , 2019

               Matulewicz & Associates, P.C

               By:
               ___/s/_____
                 Patrick A. Nitsch

Certificate of Service

I, Patrick A. Nitsch, hereby certify that a copy of the foregoing, was sent by certified mail, return receipt requested, to the U.S. Department of State, this <u>July</u> day of <u>26</u> ,2015.
               By:
               ___/s/_____
                 Patrick A. Nitsch